1
2
3
4
5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS<br>FRANCHISING, INC.,<br><br>                          Plaintiff,<br><br>    v.<br><br>JOSEPH G. GILLESPIE III,<br><br>                          Defendant. | NO. 2:20-CV-0151-TOR<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR PARTIAL DEFAULT<br>JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Default Judgment (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Partial Default Judgment (ECF No. 8) is **GRANTED**.

## BACKGROUND

This case arises out of personal guarantees made on contracts involving ten hotel properties.  ECF No. 1.  On April 15, 2020, Plaintiff filed a complaint against

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL DEFAULT
JUDGMENT ~ 1

Defendant for various breach of contract claims.  *Id.*  On January 13, 2020, Defendant was served with the summons and complaint.  ECF No. 4.  On June 9, 2020, Defendant having failed to answer, plead, or otherwise defend against the complaint, Plaintiff filed a Motion for Entry of Default.  ECF No. 5.  That same day, the Clerk of the Court entered the Order of Default.  ECF No. 7.  On August 26, 2020, Plaintiff filed the instant Motion for Partial Default Judgment.  ECF No. 8.[1]  The factual allegations, as set forth below, are derived from Plaintiff's motion and supporting documents.  ECF Nos. 8-16.

Effective February 23, 2018, Plaintiff and Defendant entered into an agreement where Defendant personally guaranteed ten limited liability companies' ("LLC") performances under their respective Franchise License Agreement, Property Improvement Plan ("PIP") Notes, Omnibus Amendment to Loan Documents, Key Money Note, Hotel Financing and Security Agreement, and Brand Standard Equipment Note.  ECF No. 8 at 3-4; ECF No. 9 at 19, ¶ 37.

### A.  Franchise License Agreements

Under the Franchise License Agreements, Plaintiff granted each LLC the limited right to use Plaintiff's intellectual property in connection with hotel

---

[1]    The present motion excludes Plaintiff's claims for damages that remain contingent and unliquidated.  ECF No. 8 at 1-2.

operations.  ECF No. 8 at 4.  In exchange, each LLC agreed to pay franchise

royalty, program, and reservation fees.  *Id.*  Plaintiff personally guaranteed

obligations arising from the ten separate Franchise License Agreement for the

respective LLCs.  *Id.* at 5.  Per these agreements as to nine of the LLCs, Plaintiff is

owed unpaid fees plus interest in the amount of $2,103,576.11 and liquidated

damages in the amount $3,706,819.54.  ECF No. 8 at 16.

## B.  PIP Agreements and Notes

Plaintiff disbursed loans to each LLC for hotel property improvements under

PIP Financing Agreements, secured by PIP Promissory Notes as amended by the

Omnibus Amendment to Loan Documents.  ECF No. 8 at 5; ECF No. 9 at 5-7.

Under these Notes, interest began to accrue upon default at 18 percent per annum

on the PIP Financing Agreements and Promissory Notes.  *Id.*  Each LLC defaulted

by failing to make payments as required under the PIP Notes.  *Id.*  Plaintiff

advanced funds under four PIP Promissory Notes.  *Id.*  Per these PIP Notes,

Plaintiff is owed $559,190.36 in principal and interest.  ECF No. 8 at 17.

## C.  Key Money Notes

Plaintiff disbursed loans to each LLC, secured by Key Money Promissory

Notes as amended by the Omnibus Amendment to Loan Documents.  ECF No. 8 at

6; ECF No. 9 at 7-12.  Upon the termination of an LLC's Franchise License

Agreement, each LLC was required to pay Plaintiff the Key Money Note's

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL DEFAULT
JUDGMENT ~ 3

1   principal balance plus the higher of 18 percent per annum and the maximum rate

2   permissible under applicable law.  *Id.*  Each LLC defaulted by failing to make

3   payments as required under the Key Money Notes.  *Id.*  Defendant personally

4   guaranteed obligations arising under the ten separate Key Money Notes.  *Id.*  Per

5   these Key Money Notes, Plaintiff is owed $5,266,920.83 in principal and interest.

6   ECF No. 8 at 17.

7           **D.  Brand Standard Equipment Agreements and Notes**

8           Plaintiff executed Hotel Improvement Financing and Security Agreements

9   with each LLC, also known as Brand Standard Equipment ("BSE") loans, secured

10  by BSE Promissory Notes as amended by the Omnibus Amendment to Loan

11  Documents.  ECF No. 8 at 6; ECF No. 9 at 12-19.  Under these Agreements,

12  Plaintiff authorized loans to finance the hotel improvements controlled by each

13  LLC.  *Id.*  Each LLC defaulted by failing to make payments as required by the

14  BSE Promissory Notes.  *Id.*  at 6-7.  Per the BSE Promissory Notes, the parties

15  agreed that any action would be governed by the laws of Washington and

16  Defendant submitted to exclusive jurisdiction of the federal and state courts in

17  Washington.  ECF No. 8 at 4.  Additionally, Defendant agreed to reimburse

18  Plaintiff for all attorney's fees incurred in connection with collecting or enforcing

19  the BSE Notes, including bankruptcy matters.  *Id.*  Per these BSE Notes, Plaintiff

20  is owed $291,335.90 in principal and interest.  ECF No. 8 at 17.

1

**E.  Termination of Franchise License Agreement**

2

On August 7, 2019, Plaintiff notified the ten LLCs that they had breached

3

obligations owed their respective Franchise License Agreements, PIP Promissory

4

Notes, BSE Agreements and Notes, and Key Money Notes.  ECF No. 8 at 7.  On

5

September 25, 2019, Plaintiff terminated Franchise License Agreements for five of

6

the LLCs.  *Id.*  On November 22, 2019, Plaintiff terminated a Franchise Licensing

7

Agreement for one of the LLCs.  *Id.*  On June 23, 2020, Plaintiff terminated

8

Franchise Licensing Agreements for three of the LLCs.  *Id.*  Plaintiff has not

9

terminated one remaining LLC franchise agreement (connected to Red Lion Hotel

10

in Appleton, Wisconsin); as such, the liquidated damages pursuant to that

11

agreement is not included in this present motion.  ECF No. 8 at 16.

12

Following these terminations, Plaintiff claims $11,927,824.70 in damages

13

arising from Defendant's breach of his guarantee associated with the hotel

14

properties, in addition to $171,362.07 in attorney's fees and costs.  ECF No. 8 at 1.

**DISCUSSION**

15

16

**A.  Jurisdiction**

17

"When entry of judgment is sought against a party who has failed to plead or

18

otherwise defend, a district court has an affirmative duty to look into its

19

jurisdiction over both the subject matter and the parties."  *In re Tuli*, 172 F.3d 707,

20

712 (9th Cir. 1999) (internal citation omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL DEFAULT
JUDGMENT ~ 5

1    Here, the Court has subject matter jurisdiction over Plaintiff's claims by

2    diversity of citizenship under 28 U.S.C. § 1332.  The amount in controversy far

3    exceeds $75,000 and citizenship is diverse: Plaintiff is a Washington corporation

4    with its principal place of business in Denver, Colorado and Defendant is a citizen

5    of Florida.  ECF No. 8 at 8.

6    Additionally, the Court has personal jurisdiction over the parties.  Personal

7    jurisdiction in federal courts is determined by the law of the state in which it sits.

8    *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015).  Washington state law

9    permits personal jurisdiction over defendants to the full extent permitted by the

10   Due Process Clause of the U.S. Constitution.  *Shute v. Carnival Cruise Lines,* 113

11   Wash. 2d 763, 766-67 (1989).  Under the Due Process Clause, a court may

12   exercise personal jurisdiction over a defendant only where "the defendant ha[s]

13   certain minimum contacts with the forum state such that the maintenance of the

14   suit does not offend traditional notions of fair play and substantial justice."  *Picot*

15   *v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Wash.,*

16   326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

17   Federal law governs interpretation and enforcement of forum selection

18   clauses in diversity cases.  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d

19   509, 513 (9th Cir. 1988).  State law governs contract formation and the terms

20   contained therein.  *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir.

2008).  An agreed-upon forum selection clause is presumptively valid and should

be upheld "absent some compelling and countervailing reason." *Murphy v.*

*Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v.*

*Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).  A forum selection provision in a

valid contract constitutes a waiver of objection to personal jurisdiction.  *See Chan*

*v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994).

Here, by contract, Defendant waived any defenses to personal jurisdiction

and submitted to the exclusive jurisdiction of the federal or state courts located in

Washington.  ECF No. 8 at 10.  There is no evidence to the contrary that these

contracts are binding and enforceable.  Based on the contracts and harm incurred in

Washington by the Defendant's alleged breaches, the Court finds sufficient

minimum contacts for personal jurisdiction.  *Id.*  Thus, the Court has jurisdiction to

enter judgment in this matter.

## B.  Procedural Requirements

Obtaining a default judgment is a two-step process.  LCivR 55.  A party

must first file a motion for entry of default to obtain a Clerk's Order of Default,

and then file a separate motion for default judgment.  *Id.*  To obtain a default

judgment, the moving party must "(A) specify whether the party against whom

judgment is sought is an infant or an incompetent person and, if so, whether that

person is represented by a general guardian, conservator, or other like fiduciary;

1  and (B) attest that the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-

2  597b [now codified at 50 U.S.C. § 3901, et seq], does not apply."  LCivR 55(b)(1).

3    Federal Rule of Civil Procedure 55(b) provides that a plaintiff is entitled to

4  default judgment by the Clerk where the "claim is for a sum certain or a sum that

5  can be made certain by computation" or by the Court in all other cases.  When a

6  party applies for default judgment with the Court or the Clerk refers the motion to

7  the Court, the Court "may conduct hearings or make referrals—preserving any

8  federal statutory right to a jury trial—when, to enter or effectuate judgment, it

9  needs to: (A) conduct an accounting; (B) determine the amount of damages;

10  (C) establish the truth of any allegation by evidence; or (D) investigate any other

11  matter."  Fed. R. Civ. P. 55(b)(2); LCivR 55(b)(2).

12    Here, Plaintiff complied with the first step in seeking default judgment.

13  Plaintiff submitted a motion for entry of default on June 9, 2020.  ECF No. 5.  The

14  Clerk of the Court entered the Clerk's Order of Default the same day for

15  Defendant's failure "to answer or otherwise defend in this action."  ECF No. 7.

16  Regarding the second step, Plaintiff complied with Local Civil Rule 55 by

17  submitting declaration that certifies Defendant is not an infant nor incompetent

18  person, and the Servicemembers Civil Relief Act does not apply.  ECF No. 18.

19  //

20  //

### C.  Substantive Requirements

Federal Rule of Civil Procedure 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Id.*  at 917-18 (internal citation omitted).  The decision whether to enter default judgment is within the Court's discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.  The Court assumes facts alleged in the complaint are true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

#### 1.  Possibility of Prejudice

The first factor considers whether Plaintiff will suffer prejudice if default judgment is not entered.  *Eitel*, 782 F.2d at 1471-72.  A plaintiff would suffer prejudice if the default judgment is not entered because it would be left without

other recourse for recovery.  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

In this case, Plaintiff will suffer prejudice if default judgment is not entered, as it would leave Plaintiff with no other remedy to proceed directly against Defendant.  ECF No. 8 at 11.  Additionally, Plaintiff claims that it will have no other recourse to have its case heard on the merits.  *Id.*  Thus, this factor weighs in favor of an entry of default judgment.

## 2.  *Merits and Sufficiency of Claims*

The second and third factors are often weighed together and favor a default judgment when the "allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  Under Washington law, a breach of contract claim consists of a valid contract between the parties, a breach of that contract, and resulting damages. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 101 Wash. App. 509, 516 (2000) (internal citation omitted).

Plaintiff's complaint is well pleaded in that it adequately states the facts, circumstances, and elements of its claims against Defendant.  *See* ECF No. 1; ECF No. 8 at 12.  Plaintiff identified the contractual agreements made with LLCs which Defendant personally guaranteed, Defendant's failure to pay on the same, and the

resulting damage.  ECF No. 8 at 12.  Thus, the second and third factors weigh in favor of an entry of default judgment.

### 3.   Money at Stake

Regarding the fourth factor, the Court considers the sum of money at stake in the action.  *Eitel*, 782 F.2d at 1471-72.  Considerations include "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'"  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)).

### a.   Breach of Contract

Plaintiff alleges that Defendant owes a sum certain of $11,927,842.70 pursuant to the guaranteed contracts.  ECF No. 8 at 13, 15-17.  To substantiate this amount, Plaintiff submitted extensive documentation, including a declaration and 53 supporting exhibits.  *See* ECF Nos. 9-9-53.  While a large sum of money weighs in favor of a decision on the merits, the amount directly relates to and flows from the Defendant's breach of his guarantees with no contradictory evidence.  Thus, this factor weighs in favor of default judgment for the amount alleged under the indemnity agreement.

1        b.   <u>Attorney's Fees and Costs</u>

2        Plaintiff alleges that it incurred $170,476.29 in attorney's fees and $885.78

3 in costs. ECF No. 8 at 18. To substantiate this amount, Plaintiff submitted

4 declarations with supporting documentation. *See* ECF Nos. 10-16.

5        Courts assess attorney's fees by calculating the lodestar figure, which is the

6 number of hours reasonably expended multiplied by the reasonable hourly rate of

7 compensation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. MGM*

8 *Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019). This lodestar calculation is

9 presumptively reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978

10 (9th Cir. 2008) (internal citation omitted). When determining hourly rates, courts

11 look to the "prevailing market rates in the relevant community." *Vargas v. Howell*,

12 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895

13 (1984)). Courts typically use the rates of comparable attorneys in the forum

14 district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). When

15 determining the reasonableness of the hours expended, the Court should exclude

16 from its calculation "hours that were not reasonably expended" such as hours that

17 are "excessive, redundant, or otherwise unnecessary." *Gates*, 987 F.2d at 1397

18 (quoting *Hensley*, 461 U.S. at 433-34).

19        Seven attorneys and one paralegal billed time in this matter. ECF No. 10 at

20 4-5, ¶¶ 6-13. To compare hourly rates, Plaintiff submitted the USAO Attorney's

Fees Matrix with adjustment using Schedule 9 under the authority of 5 U.S.C. § 5332. *Id.* at 3, ¶ 4. Plaintiff submitted fee adjustments for the two relevant forum districts where it pursued litigation: Spokane, Washington for the present litigation against Defendant and Orlando, Florida for pursuing bankruptcy proceedings of LLCs whose obligations Defendant guaranteed. *Id.* at 4, ¶ 5.

1. Hugh McCullough is a partner at Davis Wright Tremaine LLP with 16 years of legal experience. ECF No. 10 at 1, 4, ¶¶ 1-2, 6. Based on location adjustment for Spokane and Orlando, Mr. McCullough charged $483.76 and $488.17 respectively. *Id.* at 4, ¶ 6.

2. Matthew LeMaster is a partner at Davis Wright Tremaine LLP with 23 years of legal experience. ECF No. 11 at 1, ¶¶ 1-2. Based on location adjustment for Spokane and Orlando, Mr. LeMaster charged $508.54 and $513.10 respectively. ECF No. 10 at 4, ¶ 7.

3. Jordan Clark is an associate attorney at Davis Wright Tremaine LLP with 5 years of legal experience. ECF No. 15 at 1, ¶¶ 1-2. Based on location adjustment for Spokane and Orlando, Mr. Clark charged $311.97 and $314.81 respectively. ECF No. 10 at 4, ¶ 8.

4. Allison Condra is an associate attorney at Davis Wright Tremaine LLP with 7 years of legal experience. ECF No. 14 at 1, ¶¶ 1-2. Based on location adjustment for Spokane and Orlando, Ms. Condra charged $317.95 and $320.85 respectively. ECF No. 10 at 4, ¶ 9.

5. Ronald Law is an attorney at Davis Wright Tremaine LLP with 11 years of legal experience. ECF No. 13 at 1, ¶¶ 1-2. Based on location adjustment for Spokane and Orlando, Mr. Law charged $435.90 and $439.87 respectively. ECF No. 10 at 5, ¶ 10.

6. Allexia Arnold is an associate attorney at Davis Wright Tremaine LLP with 2 years of legal experience. ECF No. 14 at 1, ¶¶ 1-2. Based on location adjustment for Spokane and Orlando, Ms. Arnold charged $272.64 and $275.13 respectively. ECF No. 10 at 5, ¶ 11.

7. Lauren Dorsett is an associate attorney at Davis Wright Tremaine LLP with 10 years of legal experience.  ECF No. 12 at 1, ¶¶ 1-2.  Based on location adjustment for Spokane and Orlando, Ms. Dorsett charged $370.09 and $373.46 respectively.  ECF No. 10 at 5, ¶ 12.

8. Nara Neves is a paralegal at Davis Wright Tremaine LLP.  ECF No. 10 at 5, ¶ 13.  Based on location adjustment for Spokane and Orlando, Ms. Neves charged $147.86 and $149.21 respectively.  *Id.*

While a significant sum of money weighs in favor of resolving a case on the merits, the Court finds the attorney's fees and costs reasonable, especially in light of the amount sought to be recovered.  The Court finds the hourly rates for the attorneys are reasonable under the fee matrix and prevailing market rates.  The Court also finds that the number of hours expended in this case are reasonable as they do not appear excessive, redundant, or otherwise unnecessary.  ECF No. 10-3.  Therefore, the fourth factor weighs in favor of default judgment as to attorney's fees and costs.

### 4.  Dispute of Material Facts

The fifth factor weighs the possibility of a dispute regarding any material facts in the case.  *Eitel*, 782 F.2d at 1471-72.  As Defendant has not responded in this case, all well-pleaded facts in Plaintiff's complaint are taken as true, except those relating to damages.  *TeleVideo Sys., Inc.*, 826 at 917-918.  In light of the contractual nature of the claims, there is little to no likelihood of a dispute concerning material facts with the action, especially where no evidence has been

introduced contrary to the supporting documents.  Thus, the fifth factor weighs in favor of default judgment.

### 5. Excusable Neglect

The sixth factor considers whether the defendant's default is due to excusable neglect.  *Eitel*, 782, F.2d at 1471-72.  Plaintiff has shown proper service on Defendant, and there is no evidence that the failure to respond to the complaint is the result of excusable neglect.  *Shangahi Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (Default judgment "perfectly appropriate" against party that failed to appear.).  Thus, the sixth factor weighs in favor of default judgment.

### 6. Decision on the Merits

The seventh factor considers the policy favoring a decision on the merits.  *Eitel*, 782 F.2d at 1471-72.  Although this factor "almost always disfavors the entry of default judgment," it is not dispositive.  *Curtis*, 33 F. Supp. 3d at 1213.  While resolving this matter on the merits weighs in favor of denying a default judgment, is not sufficient to overcome the weight of the other factors, especially where Defendant's failure to respond makes a decision on the merits impractical.  Thus, default judgment in favor of Plaintiff and against Defendant is warranted.

Having reviewed the motion and record in light of the *Eitel* factors, the Court finds the entry of default judgment appropriate in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Default Judgment (ECF No. 8) is **GRANTED**.

2. Judgment is awarded to Plaintiff Red Lion Hotels Franchising, Inc. against Defendant Joseph G. Gillespie in the amount of $11,927,842.70, plus $170,476.29 in attorney's fees and $885.78 in costs.

3. Pursuant to Fed. R. Civ. P. 54(b), there being no just reason for delay, the Clerk of Court is directed to enter Judgment against Defendant Joseph G. Gillespie III accordingly, noting the applicable post-judgment statutory interest rate, 28 U.S.C. § 1961.

The District Court Executive is directed to enter this Order and furnish copies to counsel.  The file remains open.

**DATED** October 15, 2020



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT ~ 16